United States District Court
Southern District of Ohio
Western Division at Dayton

---

Derek Lombard
c/o Laufman Napolitano, LLC
4310 Hunt Road
Cincinnati, Ohio 45242

      Plaintiff,
  v.

Michael Wheatley
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH  45422

    and

J. Orre
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH  45422

    and

T. Feehan
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH  45422

    and

C. L. Jones
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH  45422

    and

C. A. Matlock
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH  45422

Case No.  3:22-cv-339

Complaint

(Jury Demand Endorsed Hereon)

and

D. Slife
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH 45422

and

John/Janes Doe(s) 1-6
c/o Montgomery County Sheriff
330 W. 2nd Street
Dayton, OH 45422

and

Rob Streck, in his official capacity as
Montgomery County Sheriff
345 W. 2nd Street
Dayton, OH 45422

    Defendants.

## I. Preliminary Statement

1. This civil rights case challenges an illegal search and excessive use of force against Derek Lombard while he was being brought into the Montgomery County Jail for a non-violent misdemeanor. Mr. Lombard was first subjected to an unconstitutional search of his body involving the use of excessive force. This included the grabbing of his buttocks and digging forcibly in and around the area of his anus, testicles, and penis. Mr. Lombard was then taken to a holding cell where brutal force was used upon him which shattered the bones of his leg, tore his ligaments, and severed an artery. These injuries required emergency, life-saving surgery to stabilize Mr. Lombard and save his lower leg. Mr. Lombard now alleges violations of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

2

## II. Jurisdiction and Venue

2. This claim is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4).

3. Venue is proper in the United States District Court for the Southern District of Ohio, Western Division at Dayton pursuant to 28 U.S.C. § 1391.

## III. Parties

4. Plaintiff Derek Lombard ("Mr. Lombard") is a resident of the State of Ohio who, during all relevant times, resided within the Southern District of Ohio.

5. Defendant Michael Wheatley ("Defendant Wheatley") was, at all relevant times, a Deputy of the Montgomery County Sheriff's Office serving as a corrections officer at the Montgomery County Jail. Upon information and belief, Defendant Wheatley was identified within the Montgomery County Sheriff's Office Jail Incident Report 20-002806 by Badge/ID #521. He is sued in his individual capacity for actions he took under color of state law.

6. Defendant J. Orre ("Defendant Orre") was, at all relevant times, a Deputy of the Montgomery County Sheriff's Office serving as a corrections officer at the Montgomery County Jail. Upon information and belief, Defendant Orre was identified within the Montgomery County Sheriff's Office Jail Incident Report 20-002806 by Badge/ID #387. He is sued in his individual capacity for actions he took under color of state law.

7. Defendant T. Feehan ("Defendant Feehan") was, at all relevant times, a Sergeant with the Montgomery County Sheriff's Office serving as a corrections supervisor at the Montgomery County Jail. Upon information and belief, Defendant Feehan was identified within the Montgomery County Sheriff's Office Jail Incident Report 20-002806 by Badge/ID #55. He is sued in his individual capacity for actions he took under color of state law.

3

8. Defendant C. L. Jones ("Defendant Jones") was, at all relevant times, a Deputy of the Montgomery County Sheriff's Office serving as a corrections officer at the Montgomery County Jail. Upon information and belief, Defendant Jones was identified within the Montgomery County Sheriff's Office Jail Incident Report 20-002806 by Badge/ID #323. He is sued in his individual capacity for actions he took under color of state law.

9. Defendant C. A. Matlock ("Defendant Matlock") was, at all relevant times, a Deputy of the Montgomery County Sheriff's Office serving as a corrections officer at the Montgomery County Jail. Upon information and belief, Defendant Matlock was identified within the Montgomery County Sheriff's Office Jail Incident Report 20-002806 by Badge/ID #154. She is sued in her individual capacity for actions she took under color of state law.

10. Defendant D. Slife ("Defendant Slife") was, at all relevant times, a Deputy of the Montgomery County Sheriff's Office serving as a corrections officer at the Montgomery County Jail. Upon information and belief, Defendant Slife was identified within the Montgomery County Sheriff's Office Jail Incident Report 20-002806 by Badge/ID #539. He is sued in his individual capacity for actions he took under color of state law.

11. Defendant(s) John/Jane Doe(s) 1-6 ("Defendant Doe(s)") were on or about December 1, 2020 and/or at all relevant times members of the Montgomery County Sheriff's Department serving as corrections officer(s) and/or supervisor(s) assigned to and/or working in the intake and/or booking area at the Montgomery County Jail including the "Receiving Room" and a holding cell designated as "MHD 140." These defendants are the individuals who used force upon and/or supervised the use of force upon Mr. Lombard. These defendants are depicted in the security video footage from the jail which exists as part of the Montgomery County Sheriff's Office Jail Incident Report 20-002806. These John/Jane Doe Defendants are sued in the event the individual defendants named above were incorrectly or incompletely identified by the

Montgomery County Sheriff's Office Jail Incident Report 20-002806. The identities of these defendants are presently unknown to Mr. Lombard. His/Her/Their identity(ies) are uniquely within the knowledge and control of other defendants. His/Her/Their proper name(s) will be added to this action as his/her/their identity(ies) become known. He/She/They is/are sued in his/her/their individual capacity(ies) for actions taken under color of state law.

12. Defendant Rob Streck ("Defendant Sheriff Streck") was, during all relevant times, the duly empowered Sheriff of Montgomery County, Ohio. Defendant Sheriff Streck was the policymaker for the Montgomery County Sheriff's Office, which operates the Montgomery County Jail in Dayton, Ohio. Defendant Sheriff Streck is sued in his official capacity as the Montgomery County Sheriff. By suing Defendant Sheriff Streck in his official capacity, Mr. Lombard is bringing his action against the Office of the Sheriff of Montgomery County.

## IV. Facts

13. Mr. Lombard incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

14. Mr. Lombard was brought to the Montgomery County Jail ("the Jail") on or about December 1, 2020 on suspicion of having committed a non-violent misdemeanor.

15. Upon his arrival at the Jail, Mr. Lombard was met by Defendants Wheatley, Orre, Feehan, Jones, Matlock, Slife, and/or John/Jane Doe(s) and forcibly led to the "Receiving Room."

16. Mr. Lombard was handcuffed at all times with his hands behind his body.

17. Defendants Wheatley, Jones, and/or John Doe(s) placed Mr. Lombard face-first against the wall of the Receiving Room. Mr. Lombard offered no resistance.

18. Defendants Wheatley, Jones, and/or John Doe(s) searched Mr. Lombard by first checking his various pockets and torso without incident.

5

19. Defendant Matlock, a female, and/or Defendant Jane Doe, then approached Mr. Lombard from behind and reached her hand into his pants near his genitals and grabbed. Mr. Lombard voiced his displeasure, objected to this violation, and requested that she stop.

20. Defendant Matlock and/or Jane Doe backed away from Mr. Lombard. Defendant Orre and/or Defendant John Doe stepped forward and replaced her immediately behind Mr. Lombard. All the while, Mr. Lombard remained pressed against the wall by Defendants Wheatley, Jones, and/or John Doe(s).

21. One of the Defendants made a statement to "check the butt," at which point Defendant Orre and/or John Doe squatted behind Mr. Lombard's spread legs and grabbed his buttocks, digging forcibly in and around the area of Mr. Lombard's anus and testicles for multiple seconds.

22. While Defendant Orre and/or John Doe violated Mr. Lombard in this manner, other Defendants made jokes, with one Defendant asking of Defendant Orre and or John Doe, "Do you want to grab my butt too?" while the others laughed at what was occurring.

23. Defendant Orre and/or John Doe stood and stepped back from Mr. Lombard. At this point, Defendant Orre and/or John Doe placed his hands at his side after he finished groping Mr. Lombard.

24. Mr. Lombard offered no physical resistance to these violations but stated, "If you stick your thumb up my ass one more time you're gonna get a fucking PREA (referring to the Prison Rape Elimination Act of 2003) out of it …" .

25. Defendant Orre and/or John Doe responded to Mr. Lombard's protestations by again digging forcibly in and around the area of Mr. Lombard's anus, testicles, and penis.

26. Defendant Orre and/or John Doe took these actions maliciously and wantonly.

6

27. Defendants Wheatley, Jones, and/or John/Jane Doe(s) pinned Mr. Lombard against the wall and enabled Defendant Orre and/or John Doe to violate Mr. Lombard as described above.

28. Defendant Feehan and/or John Doe was a Sergeant working in the intake or booking area at the Jail during all times relevant.

29. Defendant Feehan and/or John Doe, was a supervisor, who personally oversaw and participated in Mr. Lombard's arrival, search, and intake processing.

30. Defendant Feehan and/or John Doe entered the "Receiving Room" with Mr. Lombard and the other Defendants and supervised all the events described above.

31. Defendant Feehan and/or John Doe interacted with the other defendants as well as with Mr. Lombard during all the events described above.

32. Defendant Feehan and/or John Doe participated in the search of Mr. Lombard by retrieving items, directing the actions of the other defendants, and assisting to secure Mr. Lombard.

33. Defendant Feehan and/or John Doe thereby encouraged and directly participated in all the actions described above.

34. Defendant Feehan and/or John Doe authorized, approved, and knowingly acquiesced to all the actions described above.

35. All defendants then escorted Mr. Lombard out of the "Receiving Room," through the booking area of the Jail, and toward an empty holding cell designated as "MHD 140."

36. Defendants Wheatley, Orre, and/or John Doe(s) restrained Mr. Lombard and forcibly escorted him toward the holding cell. Those defendants flanked Mr. Lombard and gripped his arms tightly while his hands remained bound behind him in handcuffs.

37. Upon reaching the holding cell, Defendants Wheatley, Orre and/or John Doe(s) forced Mr. Lombard through the door of the cell while they remained in complete control of him as described above.

38. Defendants Feehan, Slife, and/or John Doe(s) also entered the cell to assist Defendants Wheatley, Orre, and/or John Doe(s).

39. Mr. Lombard did not offer any resistance during any time in the holding cell.

40. Mr. Lombard remained handcuffed with his hands bound behind him, which rendered him defenseless and of no threat to the defendants.

41. There was no justification for the use of force against Mr. Lombard.

42. Defendant Feehan and/or John Doe, in his role as a supervisor, directed that Mr. Lombard be taken to the ground.

43. Less than 5 seconds after entering the holding cell, Mr. Lombard was forced to the ground by Defendant Wheatley, Orre, Feehan, Slife, and/or John Doe(s).

44. Defendants Wheatley, Orre, Feehan, Slife, and/or John Doe(s) forced Mr. Lombard to the ground pursuant to the orders of their supervisor Defendant Feehan and/or John Doe.

45. Defendants Wheatley, Orre, Feehan, Slife, and/or John Doe(s) used excessive force against Mr. Lombard by striking and/or kicking his legs in a manner which caused permanent and disabling injury.

46. Defendants Wheatley, Orre, Feehan, Slife, and/or John Doe(s) used excessive force against Mr. Lombard by twisting and contorting his body in a manner which caused permanent and disabling injury.

47. Defendants Wheatley, Orre, Feehan, Slife, and/or John Doe(s) used excessive force against Mr. Lombard by taking him to the ground in a manner which caused permanent and disabling injury.

48. The force used by Defendants Wheatley, Orre, Feehan, Slife, and/or John Doe(s) was excessive, served no legitimate penological purpose, and was performed in a wanton, willful, and malicious manner.

49. Defendant Feehan and/or John Doe supervised all the events described above from within the holding cell.

50. Defendant Feehan and/or John Doe interacted with Defendants Wheatley, Orre, Slife and/or John Doe while all the events described above took place in the holding cell.

51. Defendant Feehan and/or John Doe encouraged and participated in the excessive force described above.

52. Defendant Feehan and/or John Doe authorized, approved, and knowingly acquiesced to the use of excessive force by Defendants Wheatley, Orre, Slife, and/or John Doe(s).

53. The tremendous and excessive force used by Defendants Wheatley, Orre, Feehan, Slife, and/or John Doe(s) shattered the bones of Mr. Lombard's leg, tore ligaments, and severed his popliteal artery. The EMTs who responded to Mr. Lombard noted that "his right leg snapped at the knee and was at a 90 degree angle [with his] foot pointing towards his left leg."

54. The extent of the harm caused to Mr. Lombard was profound. Mr. Lombard was rushed to the hospital where emergency, life-saving surgery was necessary to stabilize him and save his lower leg.

55. Defendant Sheriff Streck enacted and/or pursued a policy and/or custom within the Montgomery County Sheriff's Department to use excessive force against individuals in the Montgomery County Jail during the search process whereby officers groped the genitals, intruded upon the area of the anus, and otherwise engaged in malicious actions which served no penological interest.

56. Defendant Sheriff Streck enacted and/or pursued a policy and/or custom within the Montgomery County Sheriff's Department to use excessive force against individuals in the Montgomery County Jail who were offering no resistance and/or presenting no threat which was reasonably foreseeable to result in the use of excessive force and serious injury.

57. Defendant Sheriff Streck enacted and/or pursued a policy and/or custom within the Montgomery County Sheriff's Department to use excessive force against individuals in the Montgomery County Jail by taking them to the ground while their hands were handcuffed behind them which was reasonably foreseeable to result in the use of excessive force and serious injury.

58. Defendant Sheriff Streck enacted and/or pursued a policy and/or custom within the Montgomery County Sheriff's Department to use excessive force against individuals in the Montgomery County Jail by striking and/or kicking their legs in a manner which was reasonably foreseeable to result in the use of excessive force and serious injury.

59. Defendant Sheriff Streck enacted and/or pursued a policy and/or custom within the Montgomery County Sheriff's Department to use excessive force against individuals in the Montgomery County Jail by twisting and contorting their bodies in a manner which was reasonably foreseeable to result in the use of excessive force and serious injury.

60. Defendant Sheriff Streck enacted and/or pursued a policy and/or custom within the Montgomery County Sheriff's Department to use excessive force against individuals in the Montgomery County Jail by taking them to ground in a manner which was reasonably foreseeable to result in the use of excessive force and serious injury.

61. Defendant Sheriff Streck trained his officers consistent with the above policies and customs.

62. Defendant Sheriff Streck failed to adequately train and supervise his deputies in the proper use of force upon those being brought to the jail on suspicion of having committed a non-violent misdemeanor, are handcuffed with their hands behind them, and who offer no physical resistance.

63. As a result, Defendants Wheatley, Orre, Feehan, Slife, and/or John/Jane Doe(s) were not adequately trained in the proper use of force against those admitted to the Jail on suspicion

of having committed a non-violent misdemeanor, are handcuffed with their hands behind them, and who offer no physical resistance.

64. Defendant Sheriff Streck's failures in policy and training were deliberately indifferent to the rights of individuals including Mr. Lombard.

65. Defendant Sheriff Streck's enacted and pursued the above policies or customs with full knowledge that the constitutional deprivation suffered by Mr. Lombard was a foreseeable result.

66. The above policies or customs enacted and pursued by Defendant Sheriff Streck were a moving force behind the excessive force used upon Mr. Lombard.

67. The above policies or customs enacted and pursued by Defendant Sheriff Streck were the proximate cause of the deprivation of Mr. Lombard's right to be free from excessive force and to Due Process of law.

68. At all times relevant to this action, all Defendants acted recklessly, intentionally, with wanton and willful disregard, and with deliberate indifference toward the rights and safety of Mr. Lombard. All Defendants acted, at all relevant times, under color of state law.

69. As a direct and proximate result of all Defendants' actions, Mr. Lombard suffered shattered bones in his leg, torn ligaments, a severed popliteal artery, and other pain and suffering, resulting in permanent physical injury.

## V. Cause of Action- 42 U.S.C. § 1983

70. Mr. Lombard incorporates all preceding allegations as if fully restated herein, and further alleges as follows:

71. All Defendants have, under color of state law, through their actions, and/or policies or customs, subjected Mr. Lombard to excessive force depriving him of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

72. All Defendants have, under color of state law, through their actions and/or policies or customs, denied Mr. Lombard his right to Due Process, including the privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.

73. Mr. Lombard suffered serious and lasting harm caused by the actions of all Defendants including, without limitation, physical injury, pain, suffering, and emotional distress. Mr. Lombard continues to suffer in the wake of these events.

74. All Defendants directly and proximately caused the injuries suffered by Mr. Lombard.

## Prayer for Relief

WHEREFORE, Derek Lombard prays that this Court grant him judgment against the Defendants, jointly and severally, as follows:

1. Award him compensatory damages in an amount to be shown at trial;

2. Award him punitive damages against the individual defendants in an amount to be shown at trial;

3. Award him his reasonable attorney's fees and costs, and;

4. Grant to him such additional relief as the Court deems just and proper.

Respectfully submitted,

_____
Paul M. Laufman (0066667)
Gregory A. Napolitano (0068671)
LAUFMAN NAPOLITANO, LLC
4310 Hunt Road
Cincinnati, OH 45242
(513) 621-4556
(513) 621-5563 Fax
plaufman@LN-lawfirm.com
gnapolitano@LN-lawfirm.com
*Counsel for Plaintiff, Derek Lombard*

<u>Jury Demand</u>

Plaintiff hereby demands a jury trial on all issues so triable.

                                                    _____
                                                    Paul M. Laufman (0066667)